UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | |
|---|---|
| ADRIAN TELLO and MARY ANN VASQUEZ TELLO, § § § | |
| Plaintiffs, § § | CIVIL ACTION NO. 5:15-CV-00057 |
| v. § § | |
| ASI LLOYDS and JACK FIELDER, § § | |
| Defendants. § | |

## DEFENDANT ASI LLOYDS' NOTICE OF REMOVAL

Pursuant to 28 U.S.C. § 1441, Defendant ASI LLOYDS ("ASI"), hereby removes the action styled and numbered, *Adrian Tello and Mary Ann Vasquez Tello v. ASI Lloyds and Jack Fielder*, 2015CVF000510-D4, currently pending in the 406th Judicial District Court of Webb County, Texas to the United States District Court for the Southern District of Texas, Laredo Division. For the reasons set forth below, removal of the state court action is proper under 28 U.S.C. §§ 1332, 1441, and 1446.

### I. INTRODUCTION

1.  On February 11, 2015, Adrian and Mary Ann Tello ("Plaintiffs") filed their Original Petition in Cause No. 2015CVF000510-DF against ASI Lloyds and Jack Fielder ("Fielder"). Plaintiff served ASI with suit on February 26, 2015. Plaintiff's Original Petition alleges causes of action against ASI breach of contract, violations of the Texas Deceptive Trade Practices Act, and violations of Section 542 of the Texas Insurance Code.[1] Plaintiff's Original Petition also alleges causes of action collectively against ASI and Fielder for Violations of

---
[1] *See* Plaintiff's Original Petition, attached as Exhibit B.

Section 541 of the Texas Insurance Code, Breach of the Duty of Good Faith and Fair Dealing, and Fraud.

2.   ASI need not obtain Jack Fielder's consent to removal as ASI contends Fielder was improperly joined.[2]

3.   Defendant, therefore, timely files this Notice of Removal within the 30-day time period required by 28 U.S.C. § 1446(b).

4.   Venue is proper in the United States District Court for the Southern District of Texas, Laredo Division, under 28 U.S.C. §§ 124(a)(5) and 1441(a) because this district and division embrace the place in which the removed action has been pending.

## PARTIES

5.   Plaintiffs Adrian Tello and Mary Ann Tello are Texas residents who reside in Webb County, Texas.

6.   ASI was at the time this lawsuit was filed, and at the date of this Notice remains, an association of underwriters.  The individual underwriters are as follows: Tanya J. Fjare, Trevor C. Hillier, Kevin R. Milkey, Gregory E. Stewart, John F. Auer, Jr., Robert K. Munns, Jr., Edwin L. Cortez, Mary F. Bacon, Antonio Scognamiglio, and Philip L. Brubaker.  Each of these underwriters is a citizen of the State of Florida.  The United States Supreme Court has held that an unincorporated association's citizenship is determined by the citizenship of each of its partners.[3]  Therefore, ASI is not a citizen of the State of Texas.

---

[2]   *Rico v. Flores*, 481 F.3d 234, 239 (5th Cir. 2007).

[3]   *Deep Marine Technology, Inc. v. Conmaco/Rector, L.P.,* 515 F.Supp.2d 760, 766 (S.D. Tex. June 26, 2007); *Smith v. Allstate Texas Lloyds,* No. 4:12cv486, 2012 WL 7827609, at *2 (E.D. Tex. Dec. 21, 2012) (recognizing that this has been a consistent view of the United States Supreme Court for over 100 years); *Carden v. Arkoma Assocs.,* 494 U.S. 185, 195-96 (1990).

7. Defendant Jack Fielder is a Texas Resident, contracted to adjust Plaintiff's claims against ASI. Fielder is improperly joined in this suit for the sole purpose of attempting to defeat diversity jurisdiction, more specifically explained below.

8. Accordingly, there is now, and was at the time this action was filed, complete diversity between Plaintiffs Tello, and proper Defendant ASI.

## II.  BASIS FOR REMOVAL JURISDICTION

9. Removal of this action is proper under 28 U.S.C. § 1441 because it is a civil action brought in a state court and the federal courts have original jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332. Specifically, removal is proper because there is now, and was at the time this action was filed, complete diversity of citizenship between Plaintiffs and the only properly joined Defendant.

10. No properly joined defendant is a citizen of the State of Texas for purposes of diversity jurisdiction, and the amount in controversy exceeds $75,000 excluding interest, costs and attorneys' fees. The citizenship of Jack Fielder – an improperly joined defendant – should be disregarded for purposes of determining whether diversity jurisdiction exists.[4]

## III.  AMOUNT IN CONTROVERSY

11. The amount alleged to be in controversy greatly exceeds $75,000. Plaintiff's Original Petition alleges that "Plaintiffs believe their damages exceed $200,000.00."[5]

12. Therefore, it is apparent that Plaintiff's claim exceeds the amount required to support federal jurisdiction.

---

[4] *See Heritage Bank v. Redcom Labs, Inc.*, 250 F.3d 319, 323 (5th Cir. 2001); *Badon v. RJR Nabisco Inc.*, 224 F.3d 382, 389-90 (5th Cir. 2000).

[5] *See* Plaintiff's Original Petition, attached as Exhibit B, page 13, paragraph 59.

## IV. JACK FIELDER WAS IMPROPERLY JOINED AS A DEFENDANT

13. Removal jurisdiction is determined on the basis of the claims in the state court pleading as it exists at the time of removal.[6] To establish that a non-diverse defendant has been improperly joined for the purpose of defeating diversity jurisdiction, the removing party must show either (1) that there is no reasonable possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant under state law, or (2) actual fraud in the pleading of jurisdictional facts.[7] Here, the first clearly applies. The standard for such an inquiry is whether the defendant has demonstrated that "there is no reasonable basis . . . to predict that the plaintiff might be able to recover against an in-state defendant.[8] The mere hypothetical possibility that an action against the non-diverse defendant could exist is not enough to preclude a finding of improper joinder.[9]

14. Under this standard, there is no reasonable basis for predicting that Plaintiffs might establish liability against Fielder. Indeed, Plaintiff has collectively pled three of its six counts against both Defendants ASI and Fielder without any distinction of the acts and/or failure thereof between the two parties. As such, the claims Plaintiffs allege against Fielder are baseless in both law and fact.[10]

15. More specifically, Plaintiffs serially allege in conclusory language, violations of numerous sections of the Texas Insurance Code, the duty of good faith and fair dealing, and

---

[6] *See Castellanos v. Bridgestone Corp.,* 215 F.Supp.2d 862, 864 (S.D. Tex. July 22, 2012); *Cavallini v. State Farm Mutual,* 44 F.3d 256, 262 (5th Cir. 1995).

[7] *Melder v. Allstate Corp.,* 404 F.3d 328, 330 (5th Cir. 2005); *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 573 (5th Cir. 2004).

[8] *Neubauer v. Logan's Roadhouse of Texas, Inc.,* Civil Action No. L-09-81, 2009 WL 4263471, at *3 (S.D. Tex. Nov. 24, 2009) (citing *Smallwood,* 385 F.3d at 573).

[9] *See Griggs v. State Farm Lloyds*, 181 F.3d 694, 701 (5th Cir. 1999).

[10] *Id.*

fraudulent misconduct, but do not allege which of the broadly alleged misconduct is attributable specifically to Fielder. These allegations are not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on Fielder.[11]

16. Accordingly, Fielder is improperly joined in the instant action, in an attempt to defeat diversity jurisdiction and his citizenship should be ignored for removal purposes.

## V. COMPLIANCE WITH LOCAL RULE 81

17. In accordance with 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, ASI files this Notice of Removal, accompanied by the following exhibits:

    a. All executed process in the case, attached hereto as ***Exhibit A***

    b. Plaintiffs' Original Petition, attached hereto as ***Exhibit B***

    c. Defendant ASI's Original Answer, attached hereto as ***Exhibit C***

    d. The state court docket sheet, attached hereto as ***Exhibit D***

    e. An index of matters being filed, attached hereto as ***Exhibit E***

    f. A list of all counsel of record, including addresses, telephone numbers, and parties represented, attached hereto as ***Exhibit F***

## VI. JURY DEMAND

18. Plaintiff demanded a jury in the state court action.

## VII. CONCLUSION

19. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

20. Therefore, ASI hereby provides notice that this action is duly removed.

---

[11] *Marquez v. Allstate Texas Lloyds*, 2014 WL 710952 (S.D. Tex. 2014)

**DEFENDANT ASI LLOYD'S NOTICE OF REMOVAL**     Page 5
2165727v1

fraudulent misconduct, but do not allege which of the broadly alleged misconduct is attributable specifically to Fielder. These allegations are not sufficient to establish a reasonable basis for predicting that Texas law might impose liability on Fielder.[11]

16. Accordingly, Fielder is improperly joined in the instant action, in an attempt to defeat diversity jurisdiction and his citizenship should be ignored for removal purposes.

## V. COMPLIANCE WITH LOCAL RULE 81

17. In accordance with 28 U.S.C. § 1446(a) and Rule 81 of the Local Rules of the Southern District of Texas, ASI files this Notice of Removal, accompanied by the following exhibits:

   a. All executed process in the case, attached hereto as ***Exhibit A***

   b. Plaintiffs' Original Petition, attached hereto as ***Exhibit B***

   c. Defendant ASI's Original Answer, attached hereto as ***Exhibit C***

   d. The state court docket sheet, attached hereto as ***Exhibit D***

   e. An index of matters being filed, attached hereto as ***Exhibit E***

   f. A list of all counsel of record, including addresses, telephone numbers, and parties represented, attached hereto as ***Exhibit F***

## VI. JURY DEMAND

18. Plaintiff demanded a jury in the state court action.

## VII. CONCLUSION

19. ASI will promptly file a copy of this Notice of Removal with the clerk of the state court where the action is pending.

20. Therefore, ASI hereby provides notice that this action is duly removed.

---

[11] *Marquez v. Allstate Texas Lloyds*, 2014 WL 710952 (S.D. Tex. 2014)

**DEFENDANT ASI LLOYD'S NOTICE OF REMOVAL**     Page 5
2165727v1

Respectfully submitted,

**ZELLE HOFMANN VOELBEL & MASON LLP**


By: ___*/s/ Todd M. Tippett*___
    Todd M. Tippett
    Attorney-In-Charge
    Texas Bar No. 24046977
    Southern District Bar No. 573544
    TTippett@zelle.com

    Andrew A. Howell
    Texas Bar No. 24072818
    Southern District Bar No. 1751294
    AHowell@zelle.com
    John W. Maniscalco
    Texas Bar No. 24078913
    Southern District Bar No. 1356284
    JManiscalco@zelle.com

901 Main Street, Suite 4000
Dallas, Texas 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

**ATTORNEYS FOR DEFENDANTS ASI LLOYDS AND JACK FIELDER**

## CERTIFICATE OF SERVICE

       This is to certify that a true and correct copy of this Original Answer and Affirmative Defenses has been served this 19th day of March, 2015, by electronic filing as follows:

Danny Ray Scott
Texas Bar No. 24010920
danny@scottlawyers.com
Virginia Izaguirre
Texas Bar No. 24083230
virginia@scottlawyers.com
Sean M. Patterson
Texas Bar No. 24073546
sean@scottlawyers.com
SCOTT LAW OFFICES
350 Pine Street, Suite 300
Beaumont, TX  77701
Telephone:     409-833-5400
Facsimile:      409-833-5405
***Attorneys for Plaintiffs Adrian Tello and Mary Ann Vasquez Tello***

                                            */s/ Todd M. Tippett*
                                            Todd M. Tippett