# Exhibit B

SERVE

2015CVF000510 D4

CITATION BY CERTIFIED MAIL
THE STATE OF TEXAS

COURT DATE 05/27/2015@2:00PM

NOTICE TO THE DEFENDANT: "YOU HAVE BEEN SUED. YOU MAY EMPLOY AN ATTORNEY. IF YOU OR YOUR ATTORNEY DO NOT FILE A WRITTEN ANSWER WITH THE CLERK WHO ISSUED THIS CITATION BY 10:00 A.M. ON THE MONDAY NEXT FOLLOWING THE EXPIRATION OF TWENTY DAYS AFTER YOU WERE SERVED THIS CITATION AND PETITION, A DEFAULT JUDGMENT MAY BE TAKEN AGAINST YOU."

TO:   ASI LLOYDS  BY SERVING ITS ATTORNEY FOR SERVICE,RODNEY D. BUCKER AT:
      700 NORTH PEARL ST 25TH FLOOR
      DALLAS,   TX 75201

DEFENDANT, IN THE HEREINAFTER STYLED AND NUMBERED CAUSE, YOU ARE HEREBY COMMANDED TO APPEAR BEFORE THE 406TH DISTRICT COURT of Webb County, Texas, to be held at the said courthouse of said county in the city of Laredo, Webb County, Texas, by filing a written answer to the Petition of Plaintiff at or before 10:00 O'CLOCK A.M. of the Monday next after the expiration of 20 days after the date of service thereof, a copy of which accompanies this citation, in the Cause #: 2015CVF000510 D4 , styled:

          ADRIAN TELLO AND MARY ANN VASQUEZ TELLO   PLAINTIFFS
          VS.
          ASI LLOYDS AND JACK FIELDER DEFENDANTS

Said Plaintiff's Petition was filed on 02/11/2015 in said court by:

          DANNY RAY SCOTT, (ATTORNEY FOR PLAINTIFF)
          350 PINE STREET SUITE 300
          BEAUMONT,   TX 77701

WITNESS ESTHER DEGOLLADO, DISTRICT CLERK OF WEBB COUNTY, TEXAS, issued and given under my hand and seal of said court at office, this 20 day of February, 2015.

C L E R K   O F   C O U R T

ESTHER DEGOLLADO, CLERK OF WEBB COUNTY, TEXAS
P.O. BOX 667
LAREDO, TX 78042                    BY: _____ DEPUTY
                                        ESMERALDA ALVARADO

RECEIVED

FEB 26 2015

TCCI

## CLERK'S CERTIFICATE OF SERVICE

I, Clerk of the District Courts and County Court at Law of Webb County, Texas, certify that I executed the foregoing citation in Webb County, Texas on this 20 day of February, 2015, by placing in the United States mail a true copy of this citation, with true copy of the aforesaid Pleading attached thereto, via **Certified Mail No.7014-0510-0000-1440-8964**        ADDRESSED TO: ASI LLOYDS, 700 NORTH PEARL ST 25TH FLOOR, DALLAS,   TX 75201, and endorsed thereon **"RETURN RECEIPT REQUESTED,"** after having first endorsed on said copy of said citation the date of mailing and the name and address of the within-named recipient, to certify which witness my hand officially this 20 day of February, 2015.

ESTHER DEGOLLADO
CLERK OF THE DISTRICT COURTS AND
COUNTY COURT-AT-LAW
OF WEBB COUNTY, TEXAS

ATTACH EVIDENCE OF MAILING
AND RETURN RECEIPT HERE.

                                                        DEPUTY
                    ESMERALDA ALVARADO

Filed
2/11/2015 6:11:06 AM
Esther Degollado
District Clerk
Webb District
2015CVF000510 D4

CAUSE NO. 2015CVF 000510 -D4

| | | |
|---|---|---|
| ADRIAN TELLO and | § | IN THE DISTRICT COURT |
| MARY ANN VASQUEZ TELLO | § | |
| | § | |
| v. | § | 406th JUDICIAL DISTRICT |
| | § | |
| ASI LLOYDS and | § | |
| JACK FIELDER | § | WEBB COUNTY, TEXAS |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME ADRIAN TELLO and MARY ANN VASQUEZ TELLO (herein after referred to as "Plaintiffs"), complaining of Defendants, ASI LLOYDS and JACK FIELDER (hereinafter referred to as "FIELDER") and hereby respectfully show unto the Court and Jury as follows:

### DISCOVERY CONTROL PLAN

1.     Plaintiffs intend for discovery to be conducted under Level 3 of Rule 190 of the Texas Rules of Civil Procedure. This case involves complex issues and will require extensive discovery. Therefore, Plaintiffs ask the Court to order that discovery be conducted in accordance with a discovery control plan tailored to the particular circumstances of this suit.

### PARTIES

2.     Plaintiffs, ADRIAN TELLO and MARY ANN VASQUEZ TELLO, are individuals and residents of Webb County and citizen of the state of Texas.

3.     Defendant, ASI LLOYDS is a domestic insurance carrier, incorporated and engaging in the business of insurance in the State of Texas, and may be served with process by serving its Attorney for Service, Rodney D. Bucker, 700 North Pearl Street, 25th Floor, Dallas, Texas 75201.

Page 1 of 14

4.     Defendant, JACK FIELDER, is an individual and resident of Medina County, Texas and a citizen of the State of Texas and may be served with process at 16407 County Road 283, San Antonio, Texas 78253.

### JURISDICTION AND VENUE

5.     This Court has Jurisdiction over this case in that the amount in controversy exceeds the minimum jurisdictional limits of this Court.

6.     Venue is mandatory and proper in Webb County, Texas, because all or a substantial part of the events giving rise to the lawsuit occurred in this county (see Tex. Civ. Prac. & Rem. Code § 15.002).

### CONDITIONS PRECEDENT

7.     All conditions precedent to recovery have been performed, waived, or have occurred.

### RESPONDEAT SUPERIOR

8.     At all times relevant hereto, Defendant FIELDER, was acting in the course and scope of his employment with ASI for which ASI is liable for their acts and/or omissions.

### AGENCY

9.     At all times relevant hereto, Defendant, FIELDER, was acting as an agent of ASI LLOYDS with actual or apparent authority and within the course and scope of their agency relationship.

### FACTS

10.     Plaintiffs are the owners of a homeowner insurance policy, policy number TXL367584, issued by the Defendant (hereinafter referred to as the "Policy").

11.     Plaintiffs owned the insured property that is specifically located at 712 Garnet Drive, Laredo, Texas 78045 (hereinafter referred to as the "Property").

12.     Defendant or its agent sold the Policy, insuring the property, to Plaintiffs.

13.     On or about January 2, 2013, Plaintiffs' property sustained windstorm and hail damage.  Plaintiffs' roof sustained extensive damage during the storm including damage to the shingles, roof jack, drip edge, and other structural parts of the roof. Plaintiffs also sustained exterior damage to the cornice and siding, windows, fence and a/c unit. Water intrusion from the roof damaged the interior of the home, specifically the attic. After the storm, Plaintiffs filed a claim with their insurance company, ASI LLOYDS, for the damages to their home caused by the storm.

14.     Plaintiffs submitted a claim to ASI LLOYDS against the Policy for damage caused to the property as a result of the wind and hail. Plaintiffs asked ASI LLOYDS to cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy.  ASI LLOYDS assigned claim number 273614-144402 to Plaintiffs' claim.

15.     On or about June 30, 2014, FIELDER, on behalf of ASI LLOYDS, inspected the property in question. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

16.     FIELDER's unreasonable investigation of the claim included a failure to comply with ASI LLOYDS' policies and procedures concerning roof inspections and when to replace or repair a roof.  The roof required full replacement under ASI LLOYDS' policies and procedures

including repairs to the roof jack, drip edge, and other structural parts of the roof. FIELDER performed an unreasonable investigation by failing to document any of the damage to the roof. As a result of FIELDER's unreasonable and brief investigation, Plaintiffs were wrongly denied the full cost to replace the roof.

17.     The storm additionally caused extensive damage to the exterior of the property. Specifically, it caused damage to the cornice and siding, windows, fence and a/c unit. FIELDER did not conduct a thorough exterior inspection and failed to identify and allow for all necessary cost to repair any of the exterior damage. As a result of FIELDER's unreasonable exterior investigation, Plaintiffs were wrongly denied the full cost to repair the exterior damage to the cornice, siding and windows, and remove and replace the fence and a/c unit. FIELDER also denied Plaintiffs the cost for construction cleanup, debris removal, a job permit, and temporary utilities, although all of the cost was covered under the Policy.

18.     FIELDER performed an insufficient and unreasonable interior investigation of the Property. FIELDER failed to inspect the attic to identify or rule out water intrusion through the compromised roof. As a result of FIELDER's unreasonable investigation, Plaintiffs were wrongly denied the full cost to repair the interior damage to the attic.

19.     FIELDER wrongly denied Plaintiffs the cost for overhead and profit although it was likely that the damages warranted the services of a general contractor. At the time and investigation of Plaintiffs' claim, denying overhead and profit was part of a pattern and practice of claim handling by ASI LLOYDS. ASI LLOYDS prematurely closed Plaintiffs' claim without any oversight of quality control.

20.     ASI LLOYDS failed to properly adjust the claim and Defendant has denied at

least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, ASI LLOYDS underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

21.     To date, ASI LLOYDS continues to delay in the payment for the damages to the Property.  As such, Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

22.     ASI LLOYDS failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the policy.  Specifically, ASI LLOYDS failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs.  Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

23.     Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX.INS. CODE §541.060 (a) (1).

24.     Defendant ASI LLOYDS failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy.  Defendant ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices.  TEX. INS. CODE §541.060 (a)(2)(A).

25.     Defendants failed to explain to Plaintiffs the reason for its offer of an inadequate

settlement. Specifically, ASI LLOYDS and FIELDER failed to offer Plaintiffs adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendants ASI LLOYDS and FIELDER did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

26.     Defendant ASI LLOYDS failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant ASI LLOYDS. Defendant ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

27.     Defendant ASI LLOYDS refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of the Plaintiffs' claim, which resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

28.     Defendant ASI LLOYDS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. ASI LLOYDS' conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

29.     Defendant ASI LLOYDS failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

30.     Defendants failed to communicate with Plaintiffs to insure that they understood the coverage denials that they received.

### COUNT ONE: BREACH OF CONTRACT

31.     Plaintiffs incorporate paragraphs 10-30 herein.

32.     At the time of the January 2, 2013 incident, Plaintiffs had in place a policy issued by ASI LLOYDS.  The premiums were current.  All conditions precedent to recovery were made.  Defendant wrongfully failed to comply with the terms of the contract.  Defendant is, therefore, in breach of the contract of insurance issued to Plaintiffs.

33.     Defendant's conduct constitutes a breach of contract resulting in damages to the Plaintiffs.

### COUNT TWO: DTPA

34.     Plaintiffs incorporate paragraphs 10-30 herein.

35.     Plaintiffs are "consumers" as defined by Tex. Bus. Code § 17.45(4).  Plaintiffs sought or acquired goods or services by purchasing those goods or services from Defendant. ASI LLOYDS violated the TEXAS DECEPTIVE TRADE PRACTICES ACT ("DTPA")(TEX. BUS. & COM. CODE §17.44 et seq.) because Defendant engaged in false, misleading and/or deceptive acts or

Page 7 of 14

practices that Plaintiffs relied on to their detriment.

36.     The acts and omissions of Defendant also constitute violations of the Texas Deceptive Trade Practice Act, including, but not limited to:

      a.      Committing false, misleading or deceptive acts or practices as defined by §17.46(b); and

      b.      Use of employment of an act or practice in violation of the Texas Insurance Code Chapter 541.151 et seq. as described herein.

37.     The acts and omissions of Defendants were a producing cause of the Plaintiffs' damages.

38.     Defendants' conduct was committed knowingly and/or intentionally because, at the time of the acts and practices complained of, Defendant had actual awareness of the falsity, deception or unfairness of the acts or practices giving rise to Plaintiffs' claim and they acted with a specific intent that Plaintiffs act in detrimental reliance on the falsity or deception and/or in detrimental ignorance of the unfairness.

39.     Plaintiffs gave Defendant, ASI LLOYDS, notice as required by DTPA §17.50(a).

COUNT THREE: §541 ET SEQ. TEXAS INSURANCE CODE

40.     Plaintiffs incorporate paragraphs 10-30 herein.

41.     ASI LLOYDS and FIELDER violated the TEXAS INSURANCE CODE § 541 et seq. because they engaged in unfair and/or deceptive acts or practices in the business of insurance. Specifically, ASI LLOYDS and FIELDER's acts and omission include violation of:

      a.      §541.051;

      b.      §541.051(4);

      c.      engaging in unfair settlement practices by (§541.060):

      i.     misrepresenting to Plaintiffs a material fact or policy provision relating to coverage at issue;

      ii.    failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of Plaintiffs' claim with respect to which ASI LLOYDS' liability has become reasonably clear;

      iii.   failing to promptly provide Plaintiffs a reasonable explanation of the factual and legal basis in the policy for ASI LLOYDS' denial of the claim;

      iv.   failing to affirm or deny coverage within a reasonable time; and refusing to pay a claim without conducting a reasonable investigation of the claim.

    d.   misrepresenting Plaintiffs' insurance policy by (§541.061):

      i.     making an untrue statement of material fact;

      ii.    failing to state a material fact that is necessary to make other statements made not misleading, considering the circumstances under which the statements were made; and

      iii.   making a statement in such a manner as to mislead a reasonably prudent person to a false conclusion of a material fact; and

    e.   §17.46(b) of the TEXAS DECEPTIVE TRADE PRACTICE ACT, incorporated by TEXAS INSURANCE CODE §541.151.

42.    ASI LLOYDS and FIELDER's conduct were committed knowingly because Defendants had actual awareness of the falsity, unfairness or deception of their acts or practices made the basis for Plaintiffs' claim for damages under the TEXAS INSURANCE CODE.

43.    Plaintiffs gave Defendants notice as required by §541.154 of the TEXAS INSURANCE CODE. Plaintiffs have attached a copy of the DTPA Demand Letter as Exhibit A.

44.    Defendant conduct described above was a producing cause of Plaintiffs' injuries.

COUNT FOUR: TEXAS INSURANCE CODE §542

45.     Plaintiffs incorporate paragraphs 10-30 herein.

46.     ASI LLOYDS violated the Texas Insurance Code section 542 because they failed
to do the following within the statutorily mandated time of receiving all necessary information:

    a.      Failing to timely acknowledge the Plaintiffs' claim;

    b.      Failing to commence an investigation of Plaintiffs' claim;

    c.      Failing to request all information reasonably necessary to investigate
        Plaintiffs' claim within the statutorily mandated deadlines;

    d.      Failing to give proper notice of the acceptance or rejection of part or all of
        Plaintiffs' claim;

    e.      Failing to accept or deny Plaintiffs' full and entire claim within the
        statutorily mandated time of receiving all information;

    f.      Failing to pay Plaintiffs' claim without delay; and

    g.      Failing to include the requisite penalty interest on any and all payments
        made beyond the statutorily designated time to make payment in full for
        Plaintiffs' claim.

47.     Such failures constitute violations of Texas Insurance Code Section 542.055,
542.056, 542.057, and 542.058.  As a result of the foregoing violations, Plaintiffs request damages
under Texas Insurance Code section 542.060.

COUNT FIVE: GOOD FAITH AND FAIR DEALING

48.     Plaintiff incorporates paragraphs 10-30 herein.

49.     ASI LLOYDS and FIELDER owed Plaintiffs a duty of good faith and fair dealing.
ASI LLOYDS and FIELDER breached this duty when they denied Plaintiffs' claim because ASI
LLOYDS and FIELDER knew or should have known that it was reasonably clear that Plaintiffs'

claim was covered. ASI LLOYDS and FIELDER's breach of this duty was a proximate cause of Plaintiffs' damages.

Count Six: Fraud

50.     Plaintiffs incorporate paragraphs 10-30 herein.

51.     Common Law Fraud.  Defendant, ASI LLOYDS and FIELDER made various representations to the Plaintiffs regarding their windstorm / hailstorm claim, including material representations regarding prior repairs, material representations regarding policy coverages, whether or not claims were covered, and/or the value of claims, which were material and false. At the time ASI LLOYDS and FIELDER made the representations they knew the representations were false or made the representations recklessly as a positive assertion without knowledge of the truth.  ASI LLOYDS and FIELDER made these representations with the intent that the Plaintiffs act on them by not further pursuing claims and/or thinking there was no other money to recover.  Plaintiffs relied on the representations and this caused injury.

52.     Constructive Fraud.  A breach of fiduciary duty is a form of constructive fraud. The acts and omissions of ASI LLOYDS and FIELDER constitute constructive fraud.

53.     Fraud by Non-disclosure.

(a)     ASI LLOYDS had a duty to Plaintiffs to disclose the extent and value of damages suffered by Plaintiffs and that it owed Plaintiffs money for their claim.   ASI LLOYDS concealed from, or failed to disclose these facts to Plaintiffs.   The facts were material and ASI LLOYDS knew that the Plaintiffs were ignorant of the facts and that Plaintiffs did not have an equal opportunity to discover the facts.

(b)     ASI LLOYDS was deliberately silent when they owed a duty to advise

Plaintiffs of the damages and the extent of the damages and the amount it owed Plaintiffs. By failing to disclose these facts ASI LLOYDS intended to induce the Plaintiffs to believe no money was owed on the claim. Plaintiffs relied on the non-disclosure and were injured.

## AMBIGUITY

54.     The policy in place at the time of January 2, 2013, policy number TXL367584, contained patent and latent ambiguities concerning the terms of the policy governing the insured's duties after loss.

## WAIVER AND ESTOPPEL

55.     Defendant has waived and is estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiffs.

## DAMAGES

56.     As a direct result of Defendants' conduct, Plaintiffs have suffered economic damages all of which they is entitled to recover. Plaintiffs are entitled to recover, in addition to the amount of the claim, interest on the amount of the claim at the rate of 18 percent a year as damages, together with reasonable attorney's fees. Plaintiffs are also entitled to recover mental anguish damages because Defendants acted in bad faith and because Defendant knowing conduct was the producing cause of Plaintiffs' mental anguish.

57.     Pursuant to the DTPA and the Texas Insurance Code, Plaintiffs are also entitled to recover treble damages because Defendants' conduct was committed knowingly.

58.     Plaintiffs are entitled to exemplary damages as a result of Defendant's breach of

duties owed as described above.  When viewed objectively from the standpoint of the Defendants' at the time of the occurrence in question, Defendants' conduct involved an extreme degree of risk, considering the probability and magnitude of the harm to others and of which the Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.  In the alternative, Defendants had specific intent to cause substantial harm to Plaintiffs.

59.     The exact amount of Plaintiffs' damages are unknown.  Based on the information currently available to Plaintiffs, Plaintiffs believe their damages exceed $200,000.00, but are less than $1,000,000.00 including damages of any kind, penalties, costs, expenses, pre-judgment interest and attorney's fees. Plaintiffs reserve the right to decrease or increase this amount as further information becomes available.

### ATTORNEY FEES

60.     Pursuant to TEXAS CIVIL PRACTICES & REMEDIES CODE §§38.001, *et seq.*, DTPA § 17.50(d), and TEXAS INSURANCE CODES § 541.152 and §542.060, Plaintiffs seek recovery of their reasonable and necessary attorney fees and court costs.

### JURY DEMAND

61.     Plaintiffs respectfully request a trial by jury.

### PRAYER

62.     For these reasons, Plaintiffs ask that they have judgment against Defendants for their economic damages, mental anguish damages, treble damages, exemplary damages, reasonable and necessary attorney fees, pre-judgment and post-judgment interest as allowed by law, costs of suit, and all other relief to which Plaintiffs may show themselves entitled.

Respectfully Submitted,

SCOTT LAW OFFICES
350 Pine Street, Suite 300
Beaumont, Texas 77701
Telephone:  (409) 833-5400
Facsimile:  (409) 833-5405


_/s/Danny Ray Scott_
Danny Ray Scott
State Bar No. 24010920
danny@scottlawyers.com
Virginia Izaguirre
State Bar No. 24083230
virginia@scottlawyers.com
Sean M. Patterson
State Bar No. 24073546
sean@scottlawyers.com

_Attorneys for Plaintiff_



**Exhibit A**

o: 409.833.5400
f. 409.833.5405
350 Pine Street, Suite 300
Beaumont, TX 77701-2431
scottlawyers.com

Filed
2/11/2015 6:11:06 AM
Esther Degollado
District Clerk
Webb District
2015CVF000510 D4

February 11, 2015

Rodney D. Bucker
ASI Lloyds
700 North Pearl Street, 25th Floor
Dallas, Texas 75201

|  |  |  |
|---|---|---|
| Re: | Insured(s): | Adrian Tello and Mary Ann Vasquez Tello |
|  | Policy No.: | TXL367584 |
|  | Claim No.: | 273614-144402 |
|  | Date of Loss: | January 2, 2013 |

Dear Mr. Bucker:

This is an attempt to resolve all claims between Adrian Tello and Mary Ann Vasquez Tello and ASI Lloyds.  This settlement demand is being provided pursuant to the TEXAS DECEPTIVE TRADE PRACTICE ACT and INSURANCE CODE on behalf of the above referenced policy holder(s).  Our clients allege violations of §17.46(b) of the DTPA, violations § 541 and § 542 of the INSURANCE CODE, unfair settlement practices, misrepresentations regarding the above referenced home insurance policy, and failure to pay the claim promptly.

Our clients' property was covered under a policy with ASI Lloyds ("ASI") that provided coverage in the amount of $139,000.00 for property located at 712 Garnet Drive, Laredo, Texas 78045 on the claim loss date of January 2, 2013.  Plaintiffs allege that ASI Lloyds performed an unreasonable investigation of this loss.

On or about January 2, 2013, Plaintiffs' property sustained windstorm and hail damage. Plaintiffs' roof sustained extensive damage during the storm including damage to the shingles, roof jack, drip edge, and other structural parts of the roof. Plaintiffs also sustained exterior damage to the cornice and siding, windows, fence and a/c unit. Water intrusion from the roof damaged the interior of the home, specifically the attic. After the storm, Plaintiffs filed a claim with their insurance company, ASI LLOYDS, for the damages to their home caused by the storm.

Plaintiffs submitted a claim to ASI LLOYDS against the Policy for damage caused to the property as a result of the wind and hail. Plaintiffs asked ASI LLOYDS to cover the cost of repairs to the Property pursuant to the Policy and any other available coverages under the Policy. ASI LLOYDS assigned claim number 273614-144402 to Plaintiffs' claim.

On or about June 30, 2014, FIELDER, on behalf of ASI LLOYDS, inspected the property in

question. The storm caused significant damage to the roof, including pitting and loss of granules to the shingles. The hail pitting damage bruised the shingles, while removing and crushing the granules. Wind damage uplifted and removed shingles, which would not allow the shingles to reseal to prevent water intrusion.

FIELDER's unreasonable investigation of the claim included a failure to comply with ASI LLOYDS' policies and procedures concerning roof inspections and when to replace or repair a roof. The roof required full replacement under ASI LLOYDS' policies and procedures including repairs to the roof jack, drip edge, and other structural parts of the roof. FIELDER performed an unreasonable investigation by failing to document any of the damage to the roof. As a result of FIELDER's unreasonable and brief investigation, Plaintiffs were wrongly denied the full cost to replace the roof.

The storm additionally caused extensive damage to the exterior of the property. Specifically, it caused damage to the cornice and siding, windows, fence and a/c unit. FIELDER did not conduct a thorough exterior inspection and failed to identify and allow for all necessary cost to repair any of the exterior damage. As a result of FIELDER's unreasonable exterior investigation, Plaintiffs were wrongly denied the full cost to repair the exterior damage to the cornice, siding and windows, and remove and replace the fence and a/c unit. FIELDER also denied Plaintiffs the cost for construction cleanup, debris removal, a job permit, and temporary utilities, although all of the cost was covered under the Policy.

FIELDER performed an insufficient and unreasonable interior investigation of the Property. FIELDER failed to inspect the attic to identify or rule out water intrusion through the compromised roof. As a result of FIELDER's unreasonable investigation, Plaintiffs were wrongly denied the full cost to repair the interior damage to the attic.

FIELDER wrongly denied Plaintiffs the cost for overhead and profit although it was likely that the damages warranted the services of a general contractor. At the time and investigation of Plaintiffs' claim, denying overhead and profit was part of a pattern and practice of claim handling by ASI LLOYDS. ASI LLOYDS prematurely closed Plaintiffs' claim without any oversight of quality control.

ASI LLOYDS failed to properly adjust the claim and Defendant has denied at least a portion of the claim without an adequate investigation, even though the Policy provided coverage for losses such as those suffered by Plaintiffs. Furthermore, ASI LLOYDS underpaid some of Plaintiffs' claims by not providing full coverage for the damages sustained by Plaintiffs, as well as under-scoping the damages during its investigation.

To date, ASI LLOYDS continues to delay in the payment for the damages to the Property. As such, Plaintiffs' claim(s) still remain unpaid and the Plaintiffs still have not been able to properly repair the Property.

ASI LLOYDS failed to perform its contractual duty to adequately compensate Plaintiffs under terms of the policy. Specifically, ASI LLOYDS failed and refused to pay any of the proceeds of the Policy, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged Property and all conditions precedent to recovery upon the Policy had been carried out and accomplished by Plaintiffs. Defendant's conduct constitutes a breach of the insurance contract between Defendant and Plaintiffs.

Defendants misrepresented to Plaintiffs that the damage to the Property was not covered under the Policy, even though the damage was caused by a covered occurrence. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS. CODE §541.060 (a) (1).

Defendant ASI LLOYDS failed to make an attempt to settle Plaintiffs' claim in a fair manner, although it was aware of its liability to Plaintiffs under the Policy. Defendant ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060 (a)(2)(A).

Defendants failed to explain to Plaintiffs the reason for its offer of an inadequate settlement. Specifically, ASI LLOYDS and FIELDER failed to offer Plaintiffs adequate compensation, without adequate explanation of the basis in the policy why full payment was not being made. Further, Defendants ASI LLOYDS and FIELDER did not communicate that any future settlements or payments would be forthcoming to pay for the entire losses covered under the Policy, nor did they provide any explanation for the failure to adequately settle Plaintiffs' claim. Defendants' conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE. §541.060 (a)(3).

Defendant ASI LLOYDS failed to affirm or deny coverage of Plaintiffs' claim within a reasonable time. Specifically, Plaintiffs did not receive timely indication of acceptance or rejection, regarding the full and entire claim, in writing from Defendant ASI LLOYDS. Defendant ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(4).

Defendant ASI LLOYDS refused to fully compensate Plaintiffs, under the terms of the Policy, even though Defendants failed to conduct a reasonable investigation. Specifically, Defendants performed an outcome-oriented investigation of the Plaintiffs' claim, which resulted in a biased, unfair, and inadequate evaluation of Plaintiffs' losses on the Property. Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §541.060(a)(7).

Defendant ASI LLOYDS failed to meet its obligations under the Texas Insurance Code regarding timely acknowledging Plaintiffs' claim, beginning an investigation of Plaintiffs' claim, and requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. ASI LLOYDS' conduct

constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX.INS.CODE §542.055.

Defendant ASI LLOYDS failed to accept or deny Plaintiffs' full and entire claim within the statutorily mandated time of receiving all necessary information.  ASI LLOYDS' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX.INS.CODE §542.056.

Defendants failed to communicate with Plaintiffs to insure that they understood the coverage denials that they received.

Plaintiffs have hired an estimator to perform a proper inspection of damages sustained in this loss.  Based on a thorough inspection, Plaintiffs' damages are as follows:

| | |
|---|---|
| Property Damages | $30,020.99 |
| Deductible | $1,390.00 |
| Less Amount Paid | -$0.00 |
| **Amount Owed Per Policy** | **$28,630.99** |
| Statutory Interest To Date | $3,841.33 |
| Attorney's Fees | $7,000.00[1] |
| Mental Anguish | $10,000.00 |
| **Total Actual Damages To Date** | **$49,472.32** |

In addition to the above mentioned damages, the Texas Insurance Code[2] also allows for a jury to award treble damages up to three times the amount of actual damages.  If this case goes to trial, we are confident that treble damages will be awarded.  **That would make ASI Lloyds potentially responsible for an additional $98,944.64 in damages.**

We reserve the right to adjust the damage amounts once repairs are commenced and/or completed if there is additional damage.  Further, we reserve the right to adjust these amounts to conform to the information and evidence that will be available to us at the time of trial, should litigation be necessary.

In conjunction with the damages outlined above, we hereby demand **$49,472.32** to be paid in exchange for a release of any and all claims on behalf of Adrian Tello and Mary Ann Vasquez

---

[1]       This amount is based, in the opinion of Danny Ray Scott pursuant to the *Arthur Andersen v. Perry Equipment, Corp.* 945 S.W. 2d 812 and the attorney's fees as itemized through today and do not include any itemization of future attorney's fees incurred nor is any calculator applied to the gross amount. Based on experience of counsel, if this case is not resolved but proceeds to trial, attorney's fees will approximate $175,000.00 - $350,000.00 (based on the amount of work involved and required to prepare the case for trial).

[2]       Treble damages are figured at three times actual damages pursuant to Tex. Ins. Code Art. 541.152(3)(b) factors as explained in *Arthur Andersen v. Perry Equipment, Corp.* 945 S.W. 2d 812. This amount will increase as the case gets nearer to trial. In the likelihood of trial, Plaintiff anticipates that the amount of attorney's fees will be substantially higher than this amount.

Tello.

If this matter is not settled quickly, the amount of time spent on this claim and the amount of attorney fees will increase. We have been assigned an interest in this claim against your company. The purpose of this letter is to encourage you to resolve our clients' claim in a fair and equitable manner without the need for further legal action. In the event you fail to timely respond to this letter with an offer of settlement that is acceptable to our clients, we will have no alternative but to proceed with litigation against your company. Please forward all further correspondence regarding this claim to our firm. If you have any written or recorded statements or other investigation information pertaining to this claim, please forward a copy to me.

If you are interested in resolving this matter without the necessity of further litigation, please contact us within sixty (60) days. Please forward this letter to whoever needs to review it.

Request is made for the check to be made payable to **Adrian Tello, Mary Ann Vasquez Tello, and their attorney Danny Ray Scott.** Our federal tax I.D. number is 20-0027661. I will provide a W-9 upon request.

Sincerely,

/s/ Danny Ray Scott

DANNY RAY SCOTT



TELEPHONE NO. (956) 523-4954
FAX NO. (956) 523-5074

# Oscar J. Hale, Jr.

## State District Judge

406TH Judicial District Court
1110 Victoria St., Suite 402
Laredo, Texas 78040
406@webbcountytx.gov

February 20, 2015

CAUSE NO.:   <u>2015CVF000510 D4</u>

STYLE:   <u>ADRIAN TELLO</u>

VS

<u>ASI LLOYDS</u>

Please take NOTICE that this case is set for **CALENDAR CALL** on   <u>02/11/2015</u>
at <u>2:00 PM</u> at the 406th District Court, 4th Floor, Webb County Justice Center.

All Calendar Call hearings will be in open court and on the record before the Honorable
Judge Oscar J. Hale, Jr. Your presence is MANDATORY unless Counsel for Plaintiff(s) and
Defendant(s) file a Joint Pre-Trial Guideline Order (PTGO) with all counsel signatures on the
PTGO.

You may download the PTGO at our website: <u>www.Webbcountytx.gov/DC406th/Forms</u>

Counsel for Plaintiff(s) please note that if you fail to appear your case may be dismissed for
lack of prosecution.

Counsel for Defendant(s) please note that if you fail to appear for calendar call, a pre-trial
guideline order may be entered with or without your approval and/or signature.

If there are any questions regarding this matter please feel free to call our office at any time.

Cruz Maldonado
Civil Court Coordinator

DC:



**ESTHER DEGOLLADO**
CLERK OF THE DISTRICT COURTS
P.O. BOX 667
LAREDO, WEBB CO., TEXAS 78042-0667



PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT
OF THE RETURN ADDRESS, FOLD AT DOTTED LINE

**CERTIFIED MAIL**

7014 0510 0000 1440 8964



U.S. POSTAGE >> PITNEY BOWES

ZIP 78040  $ 007.82°
02 1M
0001364335 FEB 23 2015

RECEIVED

FEB 26 2015

TCCI

ASI Lloyds
700 North Pearl St 25th Floor
Dallas, Texas 75201